IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRECEK AND YOUNG ADVISORS, INC., | ) ) ) | |
| Plaintiff, | ) ) | 4:11CV3003 |
| v. | ) ) ) | |
| SYNDICATE 2003, LLOYD'S OF LONDON, and CATLIN SPECIALTY INSURANCE COMPANY, INC., | ) ) ) ) | MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS |
| Defendants. | ) ) | |

On or about October 29, 2010, the plaintiff, Brecek and Young Advisors, Inc., filed a three-count complaint in the District Court of Douglas County, Nebraska, against Defendants Syndicate 2003, Lloyd's of London and Catlin Specialty Insurance Co., Inc. (Compl., ECF No. 1-1 at 2.) Generally, the complaint alleges that the plaintiff entered into contracts of insurance with the defendants and that the defendants have failed to discharge their duties under those contracts. (See, e.g., id. ¶¶ 5-13.) On January 7, 2011, the defendants removed the case to this court, (see Notice of Removal, ECF No. 1), and on February 14, 2011, the defendants filed a "Motion to Dismiss, or, in the Alternative, to Make More Definite and Certain," (ECF No. 11). In a brief supporting their motion, the defendants argued that the complaint should be dismissed for failure to state a claim or, "[i]n the alternative, the Court should order the Plaintiff to amend its Complaint so as to provide details of the third-party claims upon which this coverage dispute is based." (Defs.' Br. at 9, ECF No. 12.) On March 10, 2011, the plaintiff filed an amended complaint. (Am Compl., ECF No. 14.) The defendants then filed an "Answer to the Amended Complaint, Affirmative Defenses and Counterclaim" on April 18, 2011. (ECF No. 19.)

In light of the foregoing developments, the defendants' motion to dismiss is now moot. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the

1

original complaint without legal effect."); cf. Doe v. Board of Regents of the University of Nebraska, No. 8:10cv85, 2010 WL 3312514, at *1 (Aug. 17, 2010) ("Further, a motion to amend a complaint 'render[s] moot' a pending motion to dismiss." (quoting Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002))).

**IT IS ORDERED** that the defendants' "Motion to Dismiss or, in the Alternative, to Make More Definite and Certain," ECF No. 11, is denied as moot.

Dated May 2, 2011.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge