IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRECEK AND YOUNG ADVISORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SYNDICATE 2003, LLOYD'S OF LONDON and CATLIN SPECIALTY INSURANCE COMPANY, INC., <br><br> Defendants. | No. 4:11-CV-3003 <br><br><br> **PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by and between the parties, through their respective counsel, as follows:

**IT IS HEREBY STIPULATED AND ORDERED AS FOLLOWS:**

1. The terms and conditions of this Order shall govern initial disclosures, the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information exchanged by the parties or by any third party in response to discovery requests or subpoenas.

2. The designation "CONFIDENTIAL" shall be limited to documents or information that any producing party, including any third party, in good faith, believes to: (a) contain proprietary or commercially sensitive information; (b) be subject to a confidentiality agreement or other agreement containing a

1

confidentiality provision; (c) contain personal financial information; or (d) contain information that should otherwise be subject to confidential treatment under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

     3.    In addition, documents or information which contain personal financial information, as well as documents or information which contain personal or identifying information regarding Syndicate 2003 members, may be designated by a producing party as "ATTORNEY EYES ONLY." Notwithstanding the provisions of paragraph 4 below, such documents may be disclosed only to outside counsel representing a named party in this action, including legal associates, clerical, copy service providers, document imaging service providers, database/coding service providers, and temporary or other support staff who are employed by such outside counsel to assist in the case and who have been advised of this Order in accordance with paragraph 9 below.

     4.    Information designated "CONFIDENTIAL" may be disclosed only to the following persons:

    (a)    the Parties, meaning any named Plaintiff, Defendant, Third Party Plaintiff or Defendant, or an Intervenor in this case. Any officer, director, or employee of a corporate party provided with CONFIDENTIAL information shall execute the Certification attached hereto as Exhibit A;

    (b)    outside counsel representing a named party in this action, including all legal associates, clerical, copy service providers, document imaging service providers, database/coding service providers, temporary or other support staff who are employed by such counsel to assist such counsel and who have been advised of this Order;

(c) court reporters recording a properly noticed deposition in this litigation;

(d) an expert or consultant who (i) is retained by any attorney described in paragraphs 3(a) and (b) to assist with this litigation, (ii) is not a current employee of a party or subsidiary or affiliate of a party, and (iii) executes a Certification attached hereto as Exhibit A;

(e) a person who prepared, received, or reviewed the "CONFIDENTIAL" information prior to its production in this litigation;

(f) any private mediators utilized in this litigation, provided such person executes a Certification attached hereto as Exhibit A; and

(g) the Court, and any Special Masters and/or Mediators appointed by the Court, under seal.

5. This Order does not apply to any information or documents:

(a) already in the possession of a receiving party and not subject to any obligation of confidentiality; and

(b) acquired by a receiving party from a third party without being designated confidential or similar material unless the third party received the information or documents subject to any form of confidentiality protection.

6. All information designated "CONFIDENTIAL" or "ATTORNEY EYES ONLY" in accordance with the terms of this Order and produced or exchanged in the course of this litigation shall be used or disclosed solely for the purpose of this litigation and in accordance with the provisions of this Order. Such "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information shall not be used for any business purpose, or in any other litigation or other proceeding or for any other purpose, except by Court Order or otherwise required by law.

7. Persons other than those listed above in paragraph 4 may be allowed to review CONFIDENTIAL information if, at least five (5) days prior to such review, the requesting counsel first identifies the person to whom counsel

3

desires to disclose the confidential information and obtains the written consent of the attorney for the party who produced such confidential information; provided, however, that neither party shall be required to disclose the identity of any expert not retained as a trial witness. Should the attorney to whom the request is made decline to give consent, the requesting attorney may file a motion seeking such permission.

8. If a party in possession of "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information receives a request, subpoena, or other legally enforceable order from a non-party to this Protective Order seeking production or disclosure of "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information, that party shall promptly give notice by facsimile or electronic mail to the disclosing party identifying the information sought and enclosing a copy of the subpoena or request. Provided that a timely motion or other application for relief from the subpoena or other request has been filed by the disclosing party in the appropriate forum, the party upon whom the subpoena, order, or other request was served shall not produce or disclose the requested information without consent of the disclosing party or until ordered by a court of competent jurisdiction.

9. Counsel shall inform each person to whom they disclose or give access to "CONFIDENTIAL" information the terms of this Order, as well as the obligation to comply with those terms. Persons receiving "CONFIDENTIAL" information are prohibited from disclosing it to any person except in conformance with this Order. The recipient of any "CONFIDENTIAL"

4

information agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.  The parties agree, and agree to inform each person to whom they disclose or give access to "CONFIDENTIAL" information, that damages for violation of this Order are not an adequate remedy and that the appropriate remedy is injunctive relief.  Counsel agrees to maintain a file of all Certifications (Exhibit A) required by this Order.

10.   The recipient of any "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

11.   In designating information "CONFIDENTIAL" or "ATTORNEY EYES ONLY," the producing or testifying party or person, including third parties, will make such designation only as to that information that it in good faith believes meets the criteria for such designation as set forth herein.  All or any part of a document, tangible item, discovery response or pleading disclosed, produced, or filed by any party or person in this litigation may be designated "CONFIDENTIAL" or "ATTORNEY EYES ONLY" by the producing or disclosing party or person by marking the appropriate legend on the face of the document and each page so designated.  With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by

delivering at the time of disclosure, production or filing to the party to which disclosure is made, written notice that such tangible item is "CONFIDENTIAL" or "ATTORNEY EYES ONLY".

12. Nothing contained herein shall preclude any party to this action from utilizing CONFIDENTIAL or "ATTORNEY EYES ONLY" information in examining deponents or trial witnesses called in this case. The manner with which CONFIDENTIAL or "ATTORNEY EYES ONLY" information may be presented at trial will be addressed by the Court at the Final Pretrial Conference or otherwise in advance of trial.

13. The parties may designate the deposition testimony and exhibits (or portions thereof) of any witness in this litigation as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" at the time of the deposition by advising the reporter and all parties of such fact during the deposition. If any portion of a videotaped deposition is designated pursuant to this paragraph, the videocassette or other videotape or CD-ROM or DVD container shall be labeled with the appropriate legend. Unless a shortened time period is requested as set forth below, within thirty (30) days of receipt of a transcript, the deponent's counsel, or any other party may redesignate all or portions of the transcript "CONFIDENTIAL." The deponent's counsel or any other party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "CONFIDENTIAL" information and serve the same on opposing counsel. Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL" information. If no designation is

made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" information.

14.     A party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld.

15.     In the event of a dispute as to a request for a shortened time period, the parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved within five (5) business days, the party requesting the shortened time period may request appropriate relief from the Court.  The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute.

16.     A party seeking to file sealed "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information, documents or pleadings must follow the procedures set forth in NECivR 7.5.  In the alternative, the parties may file documents and pleadings under restricted access pursuant to NECivR 5.03(c).  If the pleading or document is already subject to this existing protective order, no motion to seal or to file under restricted access is required.  Any documents or pleadings to be filed with the Court must bear the caption of this litigation and pleading or document title and such other description as will allow the Court to readily identify the documents or information or portions thereof so designated.

17. Nothing in this Order shall be construed in any way as a finding that information designated "CONFIDENTIAL" or "ATTORNEY EYES ONLY" actually is entitled to such designation. Any party may object, in writing, to the designation by another party by specifying the information in issue and its grounds for questioning the designation. A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge. In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the producing party, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the parties cannot resolve the dispute within twenty-one (21) days of service of a written objection, the party challenging the designation may file a motion to compel within twenty-one (21) days after the parties' informal attempts at resolution have concluded. The information, documents or materials shall continue to receive the protection of their designation until the Court rules on the motion. The party that designated the information "CONFIDENTIAL" or "ATTORNEY EYES ONLY" shall have the burden of demonstrating the propriety of its designation.

18. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in this litigation. This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

19. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to clients with respect to this litigation and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information so long as the attorney does not disclose "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information.

20. The inadvertent or mistaken disclosure by a producing party of "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information shall not constitute a waiver of any claim of protection under this order except where: (a) the producing party notifies a receiving party in writing of such inadvertent or mistaken disclosure within ten (10) business days of becoming aware of such disclosure and, (b) within thirty (30) days of such notice, the producing party fails to provide properly redesignated documents to the receiving party. During the thirty (30) day period after notice, the materials shall be treated as designated in the producing party's notice. Upon receipt of properly redesignated documents, the receiving party shall return all unmarked or incorrectly designated documents and other materials to the producing party within five (5) business days. The receiving party shall not retain copies thereof and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the producing party's notice.

21. Should any "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information be disclosed, through inadvertence or otherwise, by a receiving

party to any person or party not authorized under this Order, then the receiving party shall: (a) use its best efforts to obtain the return of any such information and to bind such person or party to the terms of this Order; (b) within seven (7) business days of the discovery of such disclosure, inform such person of all provisions of this Order and identify such person or party to the producing party; and (c) request such person or party to sign the Certification attached hereto as Exhibit A or B. The executed Certification shall be served upon counsel for the producing party within ten (10) business days of its execution by the party to whom the information was inadvertently disclosed. Nothing in this paragraph is intended to limit the remedies that the producing party may pursue for breach of this Order.

22. A producing person or entity who is not a party in this litigation shall be entitled to the protections afforded herein by signing a copy of this Order and serving same on all counsel of record. Thereafter, a producing person or entity may designate as "CONFIDENTIAL" only testimony, information, documents or things that such producing person or entity has produced or provided in the action.

23. This Order shall survive the termination of this litigation and shall continue in full force and effect thereafter.

24. After final termination of this action, the outside counsel for a named party may each retain one copy of deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court. Nothing herein shall require the return or destruction of attorney

work product. Such material shall continue to be treated as designated under this Order. Within sixty (60) days after final termination of this litigation, at the request of the producing party, counsel for the receiving party either shall (a) return all additional "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information in discovery or (b) certify destruction thereof to the producing party's counsel. As to "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information reflected in computer databases or backup tapes or any other electronic form, the receiving party shall erase all such "CONFIDENTIAL" or "ATTORNEY EYES ONLY" information.

25. Pursuant to NECivR 7.5(e), within thirty (30) days after final termination of this litigation, outside counsel for a named party shall retrieve from the Court all "CONFIDENTIAL" physical objects that it filed with the Court during the litigation and return or dispose of such information in accordance with paragraph 24.

26. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently or mistakenly produced information subject to a claim

11

of immunity or privilege, upon written request made by the producing party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving party intends to challenge the producing party's assertion of privilege or immunity.  All copies of inadvertently or mistakenly produced documents shall be destroyed.  All paper copies of such documents shall be shredded, and electronic copies of such documents shall be wiped from any storage medium upon which the copy resides or, if the medium cannot be wiped, the storage medium shall be physically destroyed.  Any document or material information reflecting the contents of the inadvertently produced information shall be expunged.  If a receiving party objects to the return of such information within the seven (7) business day period described above, the producing party may move the Court for an order compelling the return of such information.  Pending the Court's ruling, a receiving party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such information.

27. Nothing in this Order shall prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders or modification of this Order.

Dated: 11/3/2011

*Cheryl R. Zwart*
Cheryl R. Zwart
United States Magistrate Judge

## CERTIFICATION - EXHIBIT A

I hereby certify that I have read the attached Protective Order in *Brecek and Young Advisors, Inc. v. Syndicate 2003, Lloyd's of London, et al.*, Case No. 4:11-cv-3003, dated _____ ___, 2011 (the "Order"), and I agree that I will not reveal "CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" information in accordance with the Order.  I will use "CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the action and not for any business or other purpose.  I will otherwise keep all "CONFIDENTIAL" information confidential in accordance with this Order.  I agree that the United States District Court for the District of Nebraska has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose.  I will otherwise be bound by the strictures of the Order.

Dated: _____        _____

                                                            _____
[Print Name]

                                                            _____
[Company]

                                                            _____
[Address]